UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC DECURTIS HARRIS,

      Petitioner,

v.                                                             Civil Action No. 5:13-cv-10255
                                                               Honorable John Corbett O'Meara

KENNETH ROMANOWSKI,

      Respondent.

_____/

### ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

I.     Introduction

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254.  Michigan prisoner Isaac DeCurtis Harris (aka Issac Decrais Harris) is incarcerated by the Michigan Department of Corrections, currently housed at the Macomb Correctional Facility in New Haven, Michigan, where he is serving concurrent prison terms of twenty-eight to ninety months for a carrying-a-concealed-weapon conviction and 168 to 360 months for an armed-robbery conviction.  Harris's convictions occurred on June 15, 2005, following a jury trial in the Circuit Court in Lenawee County, Michigan.  He was sentenced as a habitual offender on July 9, 2005.

On January 18, 2013, Harris filed this *pro se* habeas petition challenging his convictions and sentences.  He previously filed a habeas petition in which he challenged the same convictions and sentences, and which was denied for lack of merit in the claims presented.  *Harris v. McQuiggin*, No. 2:08-cv-198, 2011 WL 4560071 (W.D. Mich. June 3, 2011) (Edgar, J.).

For the reasons stated, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit as a successive petition.

II.     Discussion

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order directing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999) (Gadola, J.).  Unless the Sixth Circuit has given its approval for the filing of a second or successive petition, a district court in this circuit must transfer the petition or motion to the Sixth Circuit no matter how meritorious the district court believes the claim to be.  *Id.* at 971; *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (same).  This requirement transfers to the Sixth Circuit a screening function which the district court previously performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Because Petitioner filed a prior habeas petition challenging the same convictions and sentences at issue in this case, this is his second petition.  He has not obtained appellate authorization to file this petition as required by 28 U.S.C. § 2244(b)(3)(A).  *Sims*, 111 F.3d at 47.  Thus, the Court must transfer the case to the Sixth Circuit.

III.    Order

Accordingly, it is ordered that the Clerk of the Court transfer this case to the United

States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims*, 111

F.3d at 47.

s/John Corbett O'Meara
United States District Judge


Date:  January 31, 2013



I hereby certify that a copy of the foregoing document was served upon the parties
of record on this date, January 31, 2013, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager